**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE:  Nick Horvath | ) | Case No. |
| | ) | |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| | ) | |
| v. | ) | July Demand Requested |
| | ) | |
| Collins Asset Group, LLC | ) | |
| 575 West Highway, Suite 103 | ) | |
| Austin, TX 75735 | ) | |
| | ) | |
| Defendant | ) | |

Now comes Plaintiff, by and through his attorneys, and, for his Complaint alleges as follows:

## INTRODUCTION

1. Plaintiff, Nick Horvath, brings this action to secure redress from unlawful collection practices engaged in by Defendant, Collins Asset Group, LLC. (hereinafter "Convergent"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The rights given under 15 U.S.C. Section 1692g(a) may not be contradicted or overshadowed by a debt collector. *Johnson v. Revenue Management, Corp*., 169 F. 3d 1057 (7th Cir. 1999)

## JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

4. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

5. Plaintiff, Nick Horvath (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the

"Debt").

6. Plaintiff is a resident of the State of Illinois
7. Defendant, Collins Asset Group, LLC. ("Defendant"), is a Texas business entity with an address of 575 West Highway, Suite 103, Austin, TX 75737 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).
8. Unless otherwise stated herein, the term "Defendant" shall refer to Collins Asset Group, LLC.
9. At some point, the original creditor, transferred this debt to Defendant for debt collection.

## ALLEGATIONS

10. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor, Cross River Bank (the "Original Creditor") for a personal loan.
11. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.
12. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).
13. On or about August 14, 2018, Plaintiff received an initial demand letter from Demand. See Exhibit A.
14. Said letter advised Plaintiff of his rights under 15 U.S.C. Section 1692g(a). See Exhibit A.
15. Then, below, it stated the following "[W]e may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected on your credit reports."
16. Based on the language of paragraph 15, Plaintiff is being led to believe by Defendant that if a payment is not received by the first of the month-when payments were due with Original Creditor-the credit bureau would be contacted by Defendant.
17. This time period is long before the expiration of the thirty day period of 1692g(a)

18. Furthermore, there is absolutely no reconciling language between how Defendant's possible report to the credit bureaus of a late payment prior to the thirty day expiration of Plaintiff's rights under 1692g(a) corresponds with Plaintiff's said rights under 1692g(a).

**VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.**

19. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
20. The Defendant's conduct violated 15 U.S.C. Section 1692g using language that overshadows Plaintiff's rights under said Code Section.

## STANDING AND INJURY

21. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.
22. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.
23. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.
24. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, and frustration.

## JURY DEMAND

25. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

26. Plaintiff demands the following relief:

> WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:
> (1) Statutory damages;
>
> (2) Attorney fees, litigation expenses and costs of suit; and
>
> (3) Such other and further relief as the Court deems proper.

Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, P.C.
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff